UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY ALDERSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>XPO LOGISTICS FREIGHT, INC.,<br><br>Defendant. | No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Mr. Gregory Alderson ("Plaintiff" or "Mr. Alderson"), individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, The Ottinger Firm, P.C., as and for their Complaint in this action against Defendant XPO Logistics Freight, Inc. (the "Company"), alleges upon personal knowledge and upon information and belief as to other matters as follows:

### NATURE OF THE CLAIMS

1. Plaintiff, formerly employed by XPO Logistics, bring this action on his own behalf and on behalf of the proposed collective and Rule 23 classes identified below, against XPO Logistics for violations of: (1) the overtime requirements under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); (2) the overtime requirements under New York Labor Law ("Labor Law" or "NYLL"), §§ 650 *et seq.*; (3) the spread of hours or split shift requirement under New York State Regulation 12 NYCRR § 142-2.4 ("NYCRR"); (4) the wage statement and notice requirements of NYLL § 195; and (5) any other claim(s) that can be fairly inferred from the facts set forth herein.

1

2. Plaintiff seeks to represent a class made up of all persons who are or have been employed by XPO Logistics as "dock workers" or other similar jobs, in New York State during the applicable statute of limitations period under both the FLSA and NYLL.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is brought under the FLSA. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the wage violations which gave rise to these claims primarily occurred in this District.

5. Plaintiffs' claims are properly consolidated as a single action because their claims involve the same Defendants, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

## THE PARTIES

6. Plaintiff resides in Westchester County, New York. Plaintiff was employed by XPO Logistics from July 10, 2017, through November 4, 2017. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA and NYLL.

7. XPO Logistics is a company organized and existing under the laws of the State of New York, with its principal place of business located at 99 Washington Avenue Suite 1008 Albany, New York, 12260. At all relevant times, XPO Logistics was an "employer" within the meaning of the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

8. Plaintiff brings this action on behalf of himself and other employees similarly situated, as authorized under 29 U.S.C. § 216(b). The employees similarly situated are:

>**FLSA Collective Action:** All persons who are or have been employed by XPO Logistics as dock workers, or other similar jobs, at any location operated by Defendant in the State of New York from three (3) years prior to this action's filing date through the date of the final disposition of this action and who were subject to XPO Logistics' unlawful practice of failing to pay applicable overtime premiums for hours worked in excess of 40 hours (but less than 51 hours) per workweek.

9. XPO Logistics employed Plaintiff and the members of the FLSA Collective Action during the time period relevant to the FLSA Collective Action, and classified Plaintiff as non-exempt from overtime requirements of the FLSA.

10. XPO Logistics meets the definition of an "employer" under the FLSA. By way of examples only, XPO Logistics controls how much the FLSA Collective Action members are paid, maintains all-time records for the FLSA Collective Action members, assigns and supervises all of the tasks given to the FLSA Collective Action members, and maintains and exercises control as to how the FLSA Collective Action members are to perform their tasks.

11. Each of the FLSA Collective Action members are or were non-exempt employees entitled to overtime compensation for hours worked in excess of 40 hours (but less than 51 hours) per workweek.

12. However, at all times during the FLSA Collective Action period, XPO Logistics failed to pay the Collective Action members overtime premiums for hours worked in excess of 40 hours (but less than 51 hours) per workweek.

7. XPO Logistics' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Action members.

13. XPO Logistics is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective Action members and, as such, notice should be sent to the FLSA Collective Action members.

14. There are, upon information and belief, more than 40 similarly situated current and former employees of Defendant who were subject to the aforementioned policies in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated individuals are known to Defendant and are readily identifiable through records.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **New York Class:** All persons who are or have been employed by XPO Logistics as dock workers, or other similar jobs, at any location operated by XPO Logistics in New York from six (6) years prior to this action's filing date through the date of the final disposition of this action and who were subject to XPO Logistics' unlawful practice of (i) failing to pay applicable overtime premiums for hours worked in excess of 40 hours (but less than 51 hours) per workweek, (ii) failing to pay applicable spread of hours or split shift compensation; and (iii) failing to furnish wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

16. At all times during the time period relevant to the New York Class, XPO Logistics, as a matter of policy, (i) did not pay Plaintiff or the New York Class any wages or the applicable overtime premium pay rate for hours worked in excess of 40 hours (but less than 51 hours) per workweek; (ii) did not pay Plaintiff or the New York Class spread of hours or split shift compensation; and (iii) failed to furnish correct and accurate wage statements required by the NYLL.

17. The facts as alleged in Paragraphs 8-14 with respect to the FLSA Collective Action are similarly true for the New York Class during the time period relevant to the New York Class.

18. XPO Logistics failed to make, keep and/or preserve accurate records with respect to Plaintiffs and the New York Class and failed to furnish to Plaintiff and the New York Class an appropriate statement of wages, in violation of the NYLL and supporting New York State Department of Labor regulations.

19. Numerosity: The proposed New York Class is so numerous that joinder of all members is impracticable. Upon information and belief, during the relevant time period, XPO Logistics employed in excess of 40 people who fall within the New York Class and thus satisfy the numerosity definition of the proposed New York Class.

20. Typicality: Plaintiff's claims are typical of the members of the proposed New York Class.  During the New York Class period, XPO Logistics subjected Plaintiff and the members of the New York Class to the same policy and practice of failing to pay them minimum wage and overtime compensation required by the NYLL.

21. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Adequacy: Plaintiff will fairly and adequately protect the interests of the proposed New York Class and have retained counsel experienced in FLSA and NYLL class and collective action litigation.

23. Commonality: Common questions of law and fact exist with respect to all members of the proposed New York Class that predominate over any questions solely affecting individual members of the proposed New York Class, including but not limited to:

    a. Whether Defendant violated the NYLL as alleged herein;

    b. Whether Defendant unlawfully failed to pay appropriate overtime compensation to members of the New York Class in violation of NYLL;

      c.      Whether Defendant unlawfully failed to pay spread of hours or split shift compensation to members of the New York Class in violation of NYLL;

      d.      Whether Defendant employed Plaintiff and the New York Class within the meaning of New York law;

      e.      Whether Defendant should be enjoined from continuing the practices that violate the NYLL;

      f.      What the proper measure of damages sustained by the New York Class are; and

      g.      Whether Defendant's actions were "willful."

24. The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class could result in inconsistent or varying adjudications and create the risk of incompatible standard of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

25. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the New York Class the wages to which they are entitled. The damages suffered by the New York Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior

because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments of Defendant's practices.

26. Plaintiffs intend to send notice to all members of the New York Class to the extent required by Rule 23. The names and addresses of the New York Class are available from Defendants.

## INDIVIDUAL FACTUAL ALLEGATIONS

27. As outlined above, Defendant employed Plaintiff as a dock worker from approximately July 10, 2017, until November 4, 2017.

28. As a dock worker, Plaintiff and other members of the proposed collective and Rule 23 classes were primarily responsible for unloading trucks and maintaining the cleanliness of the dock.

29. At all times during employment, Defendant classified Plaintiff as a non-exempt employee entitled to the protections of the FLSA and NYLL.

30. Defendant compensated Plaintiff on an hourly basis at a rate of $16.69 per hour.

31. During most weeks of employment, Defendant required Plaintiff to work in excess of 40 hours per week.

32. By way of example, during a typical workweek, Plaintiff generally worked a total of approximately 50.5 hours, based on the following work schedule:

    i. Sunday, from 5:00PM to 8:30PM (i.e., 3.5 hours);

    ii. Monday, from 1:00AM-9:00AM and 5:00PM-8:30PM (i.e., 11.5 hours);

    iii. Tuesday, from 5:00AM-11:30AM and 5:00PM to 8:00PM (i.e., 9.5 hours);

    iv. Wednesday, from 5:00AM-11:30AM and 5:00PM to 8:00PM (i.e., 9.5 hours);

    v. Thursday, from 5:00AM-11:30AM and 5:00PM to 8:00PM (i.e., 9.5 hours); and

      vi.    Friday, from 5:00AM-11:30AM and 5:00PM to 8:00PM (i.e., 9.5 hours).

33. Defendant did not compensate Plaintiff with overtime at a rate of one-and-one-half times for hours worked in excess of 40 (but less than 51) per workweek.

34. In or around November 2017, Plaintiff inquired to management about his entitlement to overtime. In response, he was told that he was only entitled to receive overtime after working 51 hours. Shortly after, management fired Plaintiff giving him no explanation other than that his services were "no longer needed."

## FIRST CAUSE OF ACTION
### (FLSA: Failure to Pay Overtime Compensation)

35. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

36. During the relevant time period, Plaintiff and the members of the FLSA Collective Action worked in excess of 40 hours per workweek and, because of above-outlined violations of the FLSA, were not paid appropriate overtime compensation.

37. Despite the hours worked by Plaintiff and the members of the FLSA Collective Action, Defendant willfully, in bad faith, and in knowing violation of the FLSA, failed and/or refused to pay Plaintiff and the members of the FLSA Collective Action appropriate overtime compensation.

38. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

39. Plaintiff and the members of the FLSA Collective Action seek recovery of their attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### (NYLL: Failure to Pay Overtime Compensation)

40. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

41. During the relevant time period, Plaintiffs and the members of the New York Class worked in excess of 40 hours per workweek and, because of XPO Logistics' above-outlined violations of the NYLL, were not paid appropriate overtime compensation.

42. Despite the hours worked by Plaintiff and the members of the New York Class, Defendant willfully, in bad faith, and in knowing violation of the NYLL, failed and/or refused to pay them appropriate overtime compensation.

43. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result Plaintiff and the members of the New York Class are entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

44. Plaintiff and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendant, as provided by the NYLL.

## THIRD CAUSE OF ACTION
### (12 N.Y.C.R.R. § 142-2.4: Spread of Hours or Split Shift)

45. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs, as if fully set forth herein.

46. At all relevant times, Defendant was an "employer" within the meaning of 12 N.Y.C.R.R. §§ 142.

47. At all relevant times, Plaintiff was an "employee" within the meaning of 12 N.Y.C.R.R. §§ 142.

9

48. At all relevant times, Plaintiff was not or were <u>not</u> exempt from the provisions of 12 N.Y.C.R.R. §§ 142.

49. Defendant failed to compensate Plaintiff the legally mandated spread of hours pay for days in which he worked in excess of ten (10) hours or split shift pay when Plaintiff had a split shift.

50. These practices were willful and lasted for the duration of the relevant time periods.

51. These practices are in violation of 12 N.Y.C.R.R. § 142-2.4.

## FOURTH CAUSE OF ACTION
### (NYLL: Failure to Furnish Wage Statements)

52. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs, as if fully set forth herein.

53. During the relevant time period, Defendant failed to furnish Plaintiff and the members of the New York Class with accurate wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

54. Defendant's violation of the NYLL was willful and, as a result, Defendant is liable to Plaintiff and the members of the New York Class in the amount of $250 for each violation up to $5,000 per class member.

55. In addition to statutory penalties, Plaintiff and the members of the New York Class are entitled to recover from Defendant reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and all members of the proposed FLSA Collective Action and New York Class, pray for the following relief:

A. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

B. A judgment declaring that the practices complained of herein are unlawful and in violation of FLSA and New York Labor Law;

C. That the Court determines that this action may proceed as a collective action pursuant to 29 U.S.C. § 216(b);

D. That the Court determines that this action may proceed as a class action pursuant to Fed. R. Civ. P. 23;

E. An award to Plaintiff for all damages which Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for improper practices;

F. An award to Plaintiffs of compensatory damages, including but not limited to damages for emotional pain and suffering where appropriate;

G. An award to Plaintiffs of the amount of unpaid wages, including interest thereon, and penalties;

H. An award to Plaintiffs of all applicable statutory damages to which they are entitled;

      I.      An award to Plaintiffs of exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct where appropriate;

      J.      An award to Plaintiffs for costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, and expert witness fees;

      K.      An award to Plaintiffs of pre-judgment and post-judgment interest, as provided by law; and

      L.      Any other and further relief as this Court finds necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury as to all issues so triable.

Dated: November 28, 2017
      New York, New York                        Respectfully submitted,

                                                          THE OTTINGER FIRM, P.C.

                                                          By: _____
                                                          Benjamin D. Weisenberg
                                                          401 Park Avenue South
                                                          New York, New York 10016
                                                          Telephone: (212) 571-2000
                                                          Fax: (212) 571-0505
                                                          benjamin@ottingerlaw.com

                                                          *COUNSEL FOR PLAINTIFF AND THE PROPOSED CLASSES*