UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────

GREGORY ALDERSON, individually and on behalf of all others similarly situated,

                Plaintiffs,

   v.

XPO LOGISTICS FREIGHT, INC.,

                Defendant.

Case No. 17-cv-09329-KMK

**ANSWER AND SEPARATE DEFENSES**

      Defendant, XPO Logistics Freight, Inc., ("Defendant"), by and through its undersigned attorneys, answers Plaintiff Gregory Alderson's ("Plaintiff") Complaint as follows:

## AS TO "NATURE OF CLAIMS"

      1.    Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff formerly was employed by Defendant and that he has brought this action for the reasons described in said paragraph.  All other allegations or implications of said Paragraph 1 are denied.

      2.    Answering Paragraph 2 of the Complaint, Defendant admits that Plaintiff seeks to represent the class identified in said paragraph.  All other allegations or implications of said paragraph are denied, including the implication that this matter is appropriate for class or collective treatment.

## AS TO "JURISDICTION AND VENUE"

      3.    Answering Paragraph 3 of the Complaint, Defendant admits that the Court has subject matter jurisdiction with respect to Plaintiffs' Federal claims and supplemental jurisdiction with respect to Plaintiff's state law claims.  All other allegations or implications of said paragraph are denied.

4. Answering in Paragraph 4 of the Complaint, Defendant admits that venue is proper in this judicial district. All other allegations or implications of said paragraph are denied.

5. Answering Paragraph 5 of the Complaint, Defendant admits that Plaintiff's claims are properly consolidated as a single action. All other allegations or implications of said paragraph are denied.

## AS TO "THE PARTIES"

6. Answering Paragraph 6 of the Complaint, to the best of Defendant's knowledge, information and belief, Plaintiff resides in Westchester County, New York. Defendant further admits that Plaintiff was hired by Defendant on or around July 10, 2017. All other allegations or implications of said paragraph are denied.

7. Answering Paragraph 7 of the Complaint, Defendant admits that it has a place of business located in Albany, New York and is an Employer within the meaning of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). All other allegations or implications of said paragraph are denied.

## AS TO "FLSA COLLECTIVE ACTION ALLEGATIONS"

8. Answering Paragraph 8 of the Complaint, Defendant admits that Plaintiff has brought this action on behalf of himself and other employees, as described in said paragraph. All other allegations or implications of said paragraph are denied, including the implication that this matter is appropriate for collective action certification.

9. Answering Paragraph 9 of the Complaint, Defendant admits that it employed Plaintiff and other individuals in New York. All other allegations or implications of said paragraph are denied.

10. Answering Paragraph 10 of the Complaint, Defendant admits that it is an Employer under the FLSA. All other allegations or implications of said paragraph are denied.

11. Answering Paragraph 11 of the Complaint, Defendant denies the allegations and implications contained therein.

12. Answering Paragraph 12 of the Complaint, Defendant denies the allegations and implications contained therein.

7. (*sic*) Answering the misnumbered second Paragraph 7 on page 3 of the Complaint, Defendant denies the allegations and implications contained therein.

13. Answering Paragraph 13 of the Complaint, Defendant denies the allegations and implications contained therein.

14. Answering Paragraph 14 of the Complaint, Defendant admits that it employs more than 40 dock workers in New York and that it can identify those individuals. All other allegations or implications for said Paragraph are denied.

## AS TO "RULE 23 CLASS ALLEGATIONS – NEW YORK"

15. Answering Paragraph 15 of the Complaint, Defendant admits that Plaintiff brings this action as a putative Class Action pursuant to Rule 23 for the class of individuals identified in said Paragraph. All other allegations or implications of said paragraph are denied, including the implication that class certification is appropriate in this matter.

16. Answering Paragraph 16 of the Complaint, Defendant denies the allegations and implications contained therein.

17. Answering Paragraph 17 of the Complaint, Defendant denies the allegations and implications contained therein.

18. Answering Paragraph 18 of the Complaint, Defendant denies the allegations and implications contained therein.

19. Answering Paragraph 19 of the Complaint, Defendant admits that it employs in excess of 40 dock workers in New York. All other allegations or implications of said Paragraph are denied.

20. Answering Paragraph 20 of the Complaint, Defendant denies the allegations and implications contained therein.

21. Answering Paragraph 21 of the Complaint, Defendant denies the allegations and implications contained therein.

22. Answering Paragraph 22 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny said allegations.

23. Answering Paragraph 23 of the Complaint, Defendant denies the allegations and implications contained therein, including subparagraphs (a) through (g).

24. Answering Paragraph 24 of the Complaint, Defendant denies the allegations and implications contained therein.

25. Answering Paragraph 25 of the Complaint, Defendant denies the allegations and implications contained therein.

26. Answering Paragraph 26 of the Complaint, Defendant admits that it possesses the information described in said paragraph, but denies that Plaintiff should be permitted to send the notice he seeks.

## AS TO "INDIVIDUAL FACTUAL ALLEGATIONS"

27. Answering Paragraph 27 of the Complaint, Defendant admits that it hired Plaintiff as a dock worker on or around July 10, 2017. All other allegations and implications of said paragraph are denied.

28. Answering Paragraph 28 of the Complaint, Defendant admits that Plaintiff was employed as a dock worker and that his duties included unloading trucks and maintaining cleanliness on the dock. All other allegations or implications of said Paragraph are denied.

29. Answering Paragraph 29 of the Complaint, Defendant denies the allegations and implications contained therein.

30. Answering Paragraph 30 of the Complaint, Defendant denies the allegations and implications contained therein.

31. Answering Paragraph 31 of the Complaint, Defendant admits that during certain workweeks Plaintiff was required to work in excess of 40 hours. All other allegations or implications of said paragraph, including subparagraphs (i) through (vi), are denied.

32. Answering Paragraph 32 of the Complaint, Defendant admits that during certain workweeks Plaintiff was required to work in excess of 40 hours per week. All other allegations or implications of said paragraph are denied.

33. Answering Paragraph 33 of the Complaint, Defendant denies the allegations and implications contained therein.

34. Answering Paragraph 34 of the Complaint, denies the allegations and implications contained therein.

## CAUSES OF ACTION

## AS TO "FIRST CAUSE OF ACTION"

### FAILURE TO PAY OVERTIME COMPENSATION UNDER THE FLSA

35.     Answering Paragraph 35 of the Complaint, Defendant incorporates by reference all the admissions and denials set forth in the preceding paragraphs.

36.     Answering Paragraph 36 of the Complaint, Defendant admits that Plaintiff and other employees worked in excess of 40 hours during certain workweeks.  All other allegations or implications of said paragraph are denied.

37.     Answering Paragraph 37 of the Complaint, the allegations and implications contained therein are denied.

38.     Answering Paragraph 38 of the Complaint, Defendant denies the allegations and implications contained therein.

39.     Answering Paragraph 39 of the Complaint, Defendant admits that Plaintiff seeks the recoveries described therein, but denies any allegation or implication that Plaintiff is entitled to such recoveries.

## AS TO "SECOND CAUSE OF ACTION"

### FAILURE TO PAY OVERTIME COMPENSATION UNDER THE NYLL

40.     Answering Paragraph 40 of the Complaint, Defendant incorporates by reference all the denials and allegations set forth in the preceding Paragraph.

41.     Answering Paragraph 41 of the Complaint, Defendant admits that during certain workweeks Plaintiff and others worked in excess of 40 hours.  Defendant denies all other allegations and implications of said paragraph.

42. Answering Paragraph 42 of the Complaint, Defendant denies the allegations and implications contained therein.

43. Answering Paragraph 43 of the Complaint, Defendant denies the allegations and implications contained therein.

44. Answering Paragraph 44 of the Complaint, Defendant admits that Plaintiff seeks the relief described therein, but Defendant denies any allegation or implication that Plaintiff is entitled to any such relief.

## AS TO "THIRD CAUSE OF ACTION"

**FAILURE TO PAY SPREAD OF HOURS OR SPILT SHIFT PREMIUMS UNDER THE NYLL (12 N.Y.C.R.R. § 142-2.4)**

45. Answering Paragraph 45 of the Complaint, Defendant incorporates by reference all the admissions and denials set forth in the preceding paragraphs.

46. Answering Paragraph 46 of the Complaint, Defendant admits that it is an Employer under the NYLL. Defendant denies all other allegations and implications contained therein.

47. Answering Paragraph 47 of the Complaint, Defendant admits that Plaintiff was an employee under the NYLL. Defendant denies all other allegations and implications of said paragraph.

48. Answering Paragraph 48 of the Complaint, Defendant denies the allegations and implications contained therein.

49. Answering Paragraph 49 of the Complaint, Defendant denies the allegations and implications contained therein.

50. Answering Paragraph 50 of the Complaint, Defendant denies the allegations and implications contained therein.

51. Answering Paragraph 51 of the Complaint, Defendant denies the allegations and implications contained therein.

## AS TO "FOURTH CAUSE OF ACTION"
### FAILURE TO FURNISH WAGE STATEMENTS UNDER THE NYLL

52. Answering Paragraph 52 of the Complaint, Defendant incorporates by reference the admissions and denials set forth in the preceding Paragraphs.

53. Answering Paragraph 53 of the Complaint, Defendant denies the allegations and implications contained therein.

54. Answering Paragraph 54 of the Complaint, the Defendant denies the allegations and implications contained therein.

55. Answering Paragraph 55 of the Complaint, Defendant denies the allegations and implications contained therein.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint not specifically admitted herein.

## AS TO "PRAYER FOR RELIEF"

The "WHEREFORE" clause following paragraph 55 of the Complaint sets forth Plaintiff's requests for relief to which no response is required. However, to the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever, either individually or on behalf of others, as described in subparagraphs A through L.

## AS TO "JURY DEMAND"

Defendant admits that Plaintiff demands a trial by jury. Whether and to what extent Plaintiff is entitled to a trial by jury is a legal conclusion to which no response is required.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any allegations asserted in the Complaint, Defendant asserts the following affirmative and other defenses. In asserting these defenses, Defendant is providing notice to Plaintiff of the defenses they intend to raise, and does not assume the burden of proof as to issues that, as a matter of law, is Plaintiff's burden to prove. The defenses may apply to Plaintiff and/or some or all of the allegedly similarly-situated persons comprising the purported FLSA collective and/or Rule 23 class(es).

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim for which any relief may be granted, or for which the damages or other penalties sought may be awarded, under the FLSA or NYLL.

## SECOND DEFENSE

Plaintiffs' claims, and the claims of all purported members of the proposed collective action and/or class action are barred, in whole or in part, to the extent they were not filed within the applicable statute of limitations under the FLSA or NYLL.

## THIRD DEFENSE

The Complaint, in whole or in part, fails to state a claim for equitable tolling of the statute of limitations under the FLSA or NYLL.

**FOURTH DEFENSE**

Plaintiffs' claims, and the claims of all purported members of the collective action and/or class action, are barred by the equitable doctrines of laches, waiver, estoppel and/or unclean hands.

**FIFTH DEFENSE**

Plaintiffs' claims, and those of the putative collective action and/or class action members he purports to represent, are barred to the extent those individuals are not employees eligible for overtime and/or any other premiums within the meaning of the FLSA or the NYLL.

**SIXTH DEFENSE**

Plaintiff and the individuals he seeks to represent as part of a proposed class or collective action were not entitled to overtime under the FLSA or NYLL, as they were properly classified as exempt under the Motor Carrier Act exemption. *See Fox v. Commonwealth Worldwide Chauffeured Transp. of NY, LLC*, 865 F. Supp. 2d 257, 268 (E.D.N.Y. 2012) (explaining that the NYLL "expressly incorporate[s] the FLSA's exemptions," including the motor carrier exemption).

**SEVENTH DEFENSE**

Plaintiffs' FLSA and NYLL overtime claims, and those of the putative collective action and/or class action members he purports to represent, are barred to the extent they failed to work more than 40 hours in any workweek during the applicable limitations period.

**EIGHTH DEFENSE**

Plaintiff's NYLL overtime claims are also barred to the extent he was always paid in excess of one-and-a-half times the applicable minimum wage rate when working more than 40 hours in a week.

## NINETH DEFENSE

Plaintiffs and all members of the purported collective action and/or class action have received full compensation for all work performed, thereby barring their claims by, among other things, the doctrines of release and payment.

## TENTH DEFENSE

The complaint fails to allege any facts in support of Plaintiff's claim under NYLL § 195(3) for failure to furnish accurate wage statements.

## ELEVENTH DEFENSE

Plaintiffs' claims, and the claims of those he purports to represent, arising under NYLL § 195(3) are barred to the extent they were paid in accordance with the law, and/or paid all wages due in a complete and timely manner.

## TWELFTH DEFENSE

If the Defendant is found to have failed to pay any amount due to the Plaintiff and/or any of the putative class or collective action members he seeks to represent, which Defendant denies, Defendant is entitled under the equitable doctrines of setoff and recoupment to offset overpayments to Plaintiffs and/or any putative class or collective action members against any judgment.

## THIRTEENTH DEFENSE

Plaintiffs' claims, and those of the putative collective action and/or class action members he purports to represent, are barred to the extent that these individuals have affirmatively released, waived, or abandoned all or some of the claims raised in the Complaint.

**FOURTEENTH DEFENSE**

Plaintiff's monetary claims, and the claims of the putative class or collective members he seeks to represent, are barred in whole or in part because they have not suffered any injury or damage as a result of any actions allegedly taken by Defendant.

**FIFTEENTH DEFENSE**

Plaintiff lacks standing to represent any putative collective action or class action members to the extent he was not subject to the same pay practices as those individuals.

**SIXTEENTH DEFENSE**

Some or all of the claims in the Complaint asserted by Plaintiffs and those of the putative collective action and/or class action members he purports to represent are barred by the doctrines of payment and accord-and-satisfaction.

**SEVENTEENTH DEFENSE**

Plaintiff's monetary claims, and the claims of the putative class or collective members he seeks to represent, are barred in whole or in part because they have not suffered any injury or damage as a result of any actions allegedly taken by Defendant.

**EIGHTEENTH DEFENSE**

Plaintiff's claim for spread pay or split shift premiums under the NYLL are barred because the Complaint, on its face, concedes that that his hourly rate exceeded the applicable minimum wage. *See Ramos v. Telgian Corp.*, 176 F. Supp. 3d 181, 204 (E.D.N.Y. 2016) (explaining that 12 N.Y.C.R.R. §142–2.4 "does not apply to workers who earn more than minimum wage for all hours

that they work"). Thus, Plaintiff also lacks standing to seek any relief on behalf of any individuals for that claim.

## NINETEENTH DEFENSE

Plaintiff lacks standing to assert claims under the FLSA or NYLL for front pay and/or any general and special damages for lost compensation and benefits alleged in the Complaint.

## TWENTIETH DEFENSE

Plaintiff cannot satisfy any of the requirements for certification of a class or subclass under FRCP Rule 23.

## TWENTY-FIRST DEFENSE

Plaintiff is an inadequate and atypical representative of the putative class or collective action members he purports to represent, and/or Plaintiff's interests are in conflict with those individuals they seek to represent.

## TWENTY-SECOND DEFENSE

Plaintiff is not entitled to certification of this action as a collective action under the FLSA because Plaintiff and the putative collective action members he seeks to represent are not similarly situated to one another, Plaintiff's claims require individualized inquiries and/or proof of damages would require separate trials.

## TWENTY-THIRD DEFENSE

Class or collective treatment of this action is improper because establishing any overtime, premium pay and/or wage statement injuries on a class-wide basis is not susceptible to common proof.

**TWENTY-FOURTH DEFENSE**

Because liability and/or damages, if any, to each member of the group(s) that Plaintiffs seek to represent may not be determined by a single jury or on a group-wide basis, allowing this action to proceed as a class action would violate Defendant's rights under the Seventh and Fourteenth Amendments to the United States Constitution.

**TWENTY-FIFTH DEFENSE**

If Defendant is found to have failed to compensate Plaintiffs or any purported member of the class or collective alleged as in the Complaint any amount due, which Defendant denies, Defendant acted at all times on the basis of good faith and reasonable belief that their actions were in compliance and conformity with all applicable federal and state laws and/or written administrative regulations, orders, rulings, guidance and/or interpretations, and therefore, the Defendant's actions were not willful or in reckless disregard of the FLSA or NYLL. Accordingly, Plaintiffs and/or any of the putative class or collective action members they seek to represent are not entitled to liquidated damages under the FLSA or NYLL, and the FLSA's two-year statute of limitations should apply.

**TWENTY-SIXTH DEFENSE**

The Complaint fails to state a claim upon which post-judgment interest, expert fees, other fees and costs, and/or statutory penalties may be awarded.

**TWENTY-SEVENTH DEFENSE**

To the extent Plaintiff seeks recovery for any punitive damages, any allegations in support of such a claim should be stricken because any award of punitive damages would violate due process, Defendant's constitutional rights under the Fifth and Fourteenth Amendments, and/or the

excessive fines and cruel and unusual punishment clauses of the Eighth Amendment or the to the United States Constitution.

**TWENTY-EIGHTH DEFENSE**

The Complaint fails to state a claim for front pay, general and special damages, lost compensation and job benefits, or emotional pain and suffering, which are not recoverable under the FLSA or NYLL.

**TWENTY-NINTH DEFENSE**

Plaintiff lacks standing to seek any declaratory relief, on behalf of himself or any individuals he seeks to represent.

**THIRTIETH DEFENSE**

In the event a Rule 23 class or subclass or FLSA collective action is certified in this matter, Defendant incorporates by reference and realleges all of its defenses to Plaintiffs' individual claims in response to the claims of each class and/or collective member. Defendant further notes that additional affirmative defenses may apply to any opt-in plaintiffs or class members, which defenses are reserved and will be asserted at an appropriate time following any certification order (conditional or otherwise).

**RESERVATION OF DEFENSES**

Defendant reserves the right to raise additional affirmative and other defenses as may be appropriate based on information learned during the course of discovery.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant requests that the Court deny class or collective action certification in this action; enter judgment dismissing the Complaint in its entirety and with prejudice; grant Defendant its costs and attorneys' fees; and grant Defendant such other relief as the Court may deem just and proper.

Dated: New York, New York
January 9, 2018

**CONSTANGY, BROOKS, SMITH, & PROPHETE, LLP**

By: /s/   Anjanette Cabrera
Anjanette Cabrera
Naveen Kabir
The New York Times Building
620 Eighth Avenue, 38th Floor
New York, New York 10018
Telephone: (646) 341-6536
Email: acabrera@constangy.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2018, I caused a copy of the foregoing Answer and Separate Defenses to be electronically filed on behalf of Defendant XPO Logistics Freight, Inc., with the Clerk of the Court using the CM/ECF system, and therefore to be served via e-mail on the following:

Benjamin Davis Weisenberg
The Ottinger Firm, P.C.
401 Park Avenue South, 9th Floor
New York, New York 10016
Telephone: 212-571-2000
Facsimile: 212-571-0505
benjamin@ottingerlaw.com
Attorneys for Plaintiff

Dated: January 9, 2018                           By: /s/   Anjanette Cabrera
                                                     Anjanette Cabrera