## SETTLEMENT AGREEMENT, RECEIPT AND RELEASE

Gregory Alderson (hereinafter also referred to as "Plaintiff"), and XPO Logistics Freight, Inc. (hereinafter referred to as "XPO" or "Defendant"), (collectively referred to as the "Parties"), hereby enter into this Settlement Agreement, Receipt and Release (hereinafter sometimes referred to as the "Agreement"), in order to resolve Alderson's Fair Labor Standards Act ("FLSA") and New York State Law ("NYSL") claims against Defendant.

WHEREAS, Plaintiff filed a Complaint against Defendant: *Gregory Alderson v. XPO Logistics Freight, Inc.*, Case No. 1:17-cv-09329(KMK) (the "Lawsuit"), alleging, *inter alia*, claims for unpaid overtime under the FLSA and NYSL; and

WHEREAS, Defendant filed an Answer to the lawsuit and denied Plaintiff's substantive allegations, disclaimed any and all liability, and asserted various affirmative defenses; and

WHEREAS, the Parties now wish to amicably resolve their disputes and fully and finally end the Lawsuit;

WHEREAS, the parties agree that genuine disputes exist as to whether Plaintiff was exempt from the receipt of overtime wages pursuant to Section 13 (b)(1) of the FLSA and whether Defendant violated either the FLSA or NYSL with respect to Plaintiff's wages and the reporting of same;

NOW THEREFORE, in consideration of the covenants and promises set forth below, and for good and valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1. Within thirty (20) calendar days of the Court entering an Order approving this Agreement, Defendant agrees to pay: (1) Plaintiff the gross amount of $791.38 ("Payroll Check"), less applicable state, federal and local taxes, which payment shall be for alleged unpaid

wages and overtime and will be reported by Defendant on IRS Form W-2; (2) Plaintiff the net amount of $ 9,208.62, which payment shall be for alleged liquidated damages and will be reported by Defendant on IRS Form 1099; and (3) Plaintiff's attorneys the net amount of $5,000.00, which payment shall be for Plaintiff's attorneys fees and will be reported by Defendant on IRS Form 1099. Plaintiff and Plaintiff's counsel agree to provide any tax forms needed for Defendant to process said payments.

2. Plaintiff acknowledges that the funds paid herein by Defendant constitute a fair and reasonable resolution of bona disputes regarding whether Plaintiff was exempt from receipt of overtime, whether Defendant violated either the FLSA or NYSL with respect to his compensation and whether Plaintiff is entitled to receive any unpaid overtime, liquidated damages or attorney fees.

3. In consideration of the payment of the sums listed in Paragraph 1 above, Plaintiff, on behalf of himself and his heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, hereby knowingly and voluntarily, irrevocably and unconditionally, forever and fully releases and covenants not to sue Defendant and/or Released Parties from/for any and all past and present matters, claims, demands, causes of action, actions, damages, debts, obligations, and/or expenses of any kind whatsoever, whether known or unknown, arising under or related to the Fair Labor Standards Act (FLSA) and it applicable regulations, and any state or local law or regulation related to wages and hours, including, but not limited to, claims for unpaid wages, overtime pay, minimum wages, liquidated damages, penalties, attorneys' fees and costs, and interest which Plaintiff has or might have, known or unknown, that has arisen or could have arisen at any time from the commencement of employment with Defendant up to and including

the date Plaintiff signed this Agreement ("Released Claims"). In addition, and to the extent not already done by any Order approving this settlement, Plaintiff agrees to sign and permit Defendant to file a Stipulation of Dismissal With Prejudice for the Lawsuit once the Court enters an Order approving this Settlement Agreement, Receipt, and Release.

4. Plaintiff releases all claims against Defendant willingly, freely, and without duress.

5. It is recognized and agreed that this settlement is being made purely on a compromise basis and that no party admits liability to the other or to any other person whatsoever. It is further acknowledged and agreed that Plaintiff is not to be considered a prevailing party for any purposes.

6. By executing this Agreement, Plaintiff represents and warrants that he has not, disclosed to anyone, except his attorneys, accountant and/or financial advisors, the circumstances giving rise to the execution of, or any of the terms of, this Agreement. Plaintiff understands and agrees that all discussions, negotiations and correspondence relating to this Agreement and the terms thereof (collectively "Confidential Settlement Information") are strictly confidential and that this confidentiality provision is a material term of this Agreement. Plaintiff agrees not to disclose to anyone (other than his financial advisors, legal counsel and accountants) any Confidential Settlement Information unless such disclosure is lawfully required (*i.e.*, by a government agency, a required disclosure by law or court order, or in a legal proceeding). If Plaintiff discloses Confidential Settlement Information to his financial advisors, counsel or accountant, Plaintiff will make such person aware of the confidential nature of this information. Otherwise, Plaintiff may respond to any inquiry about the status and/or resolution of his claims by stating that the matter has been resolved to the mutual satisfaction of the Parties.

5401163v.4

Doc ID: 3c56e5c88dafb8ec389c4ce47fc5e0c5b51fcce7

7. Plaintiff agrees and understands that he will no longer be eligible for re-employment with XPO. Plaintiff shall not, at any time in the future, seek, apply for or accept employment or re-employment with XPO or its parents, subsidiaries, divisions or any of the Released Parties. Plaintiff understands and agrees that any employment application he makes may be rejected without any liability to XPO or the Released Parties.

8. This Agreement shall be contingent upon obtaining review and approval of the Agreement by the Court, and Plaintiff agrees to cooperate fully in the preparation and presentation of a joint motion to obtain such approval.

9. This Agreement constitutes the entire agreement of the parties, and all prior negotiations or representations are merged herein or replaced hereby.

10. This Agreement shall be binding upon, inure to the benefit of, and be enforceable by, the Parties and their heirs, beneficiaries, administrators, representatives, executors, successors and assignees.

11. If, for any reason whatsoever, any one or more of the provisions of this Agreement shall be held or deemed to be inoperative, unenforceable, or invalid by a court of competent jurisdiction, such circumstances shall not have the effect of rendering such provision invalid in any other case or rendering any other provisions of this Agreement inoperative, unenforceable, or invalid. It is the intention of the Parties that if any term or provision of this Agreement is capable of two constructions, one of which would render the term or provision void and the other of which would render the term or provision valid, then the term or provision shall have the meaning that renders it valid.

5401163v.4

Doc ID: 3c56e5c88dafb8ec389c4ce47fc5e0c5b51fcce7

12. This Agreement shall be interpreted in accordance with the laws of the state of New York. Any disputes arising hereunder will be litigated in a court of competent jurisdiction in the state of New York, and the Parties expressly consent to jurisdiction in such forum.

13. To facilitate the execution of this Agreement, it may be executed in multiple counterparts, each of which shall constitute an original, but which together shall constitute a single Agreement.

SIGNED on the dates entered by the signatures of the respective parties.

**GREGORY ALDERSON**    **XPO LOGISTICS FREIGHT, INC.**

_____    By: _____
Signature    Signature

Larry E. Wollert II
_____
Name

Its: SV, Labor & Employment Counsel

Dated: 11/13/2018    Dated: 11/14/18