# OTTINGER

## EMPLOYMENT LAWYERS

Robert W. Ottinger
Direct: (917) 566-2037
robert@ottingerlaw.com

401 Park Avenue South
New York, NY 10016
(212) 571-2000

535 Mission Street
San Francisco, CA 94105
(415) 262-0096

OTTINGERLAW.COM

# MEMO ENDORSED

**11/15/18**

**BY ECF ONLY**
The Hon. Judge Kenneth M. Karas
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY
10007-1312

      Re: *Gregory Alderson et al v. XPO Logistics Freight, Inc.* Case No.: 17-CV-09329-KMK

Dear Judge Karas:

    The Ottinger Firm, P.C. (the "Firm") represents Plaintiff Gregory Alderson ("Plaintiff" or "Alderson") in the above-referenced action. Constangy, Brooks, Smith & Prophete, LLP represents Defendant XPO Logistics Freight, Inc. ("Defendant" or "XPO"). In response to the Court's prior Order, the Parties jointly submit the attached revised Settlement Agreement and this revised letter in support their settlement. The revisions address the Court's: (1) concerns regarding the scope of Plaintiff's release; (2) ability to assess XPO's potential liability to Plaintiff; and (3) concerns regarding the amount allocated for payment of Plaintiff's attorneys' fees. As explained below, the scope of Plaintiff's release has been narrowed to encompass only wage and hour claims under federal and state law, counsel for Plaintiff has reduced their requested fee award and the parties have provided the court with a breakdown of XPO's potential exposure to Plaintiff. Having done so, the parties renew their request for final approval of their settlement.

## I. INTRODUCTION

    XPO is a less than truckload carrier of freight with a terminal located in Albany, New York. Plaintiff worked as a dock worker at Defendant's Albany terminal from July 10, 2017 until November 4, 2017. On November 28, 2017, Plaintiff filed a Collective and Class Action Complaint. (ECF Dkt No. 1) alleging violations of the overtime requirements of the FLSA, 29 U.S.C. § 201, *et seq.*, the minimum wage and overtime requirements under the NYYL, § 650 et seq., the spread of hours requirement under New York City Rules and Regulations, 12 NYCRR § 142-2.4 ("NYCRR") and the record keeping requirements of NYLL § 195 *et seq.* Defendant filed

Case 7:17-cv-09329-KMK-PED   Document 28   Filed 11/15/18   Page 2 of 5

Page 2 of 5

its Answer on January 9, 2018 (ECF Dkt No. 12), disputing material allegations in the Complaint, denying liability and objecting to this matter proceeding as a Collective Action. *Id.*

According to Plaintiff, his duties as a dock worker included unloading freight from XPO's trucks. According to XPO, Plaintiff's duties included the safe loading of freight on vehicles subject to regulation by the United States Department of Transportation. As a result, XPO's Answer to the Complaint asserted that Plaintiff's hours of work were subject to regulation by the Secretary of Transportation and, pursuant to Section 13(b)(1) of the Fair Labor Standards Act ("FLSA"), Plaintiff was exempt from the overtime requirements of the FLSA.

Counsel for the parties conducted numerous phone calls starting at an early stage in these proceedings. During those discussions, counsel for XPO and counsel for Plaintiff exchanged information and case law addressing the applicability of the Section 13(b)(1) exemption to Plaintiff's employment and the burden Defendant would face in establishing its applicability. In light of the litigation risk Plaintiff faces with respect to his own claim and further risk of being unable to certify a class, the parties reached the Agreement which settles all claims for Plaintiff as an individual.

## II. THE SETTLEMENT AGREEMENT IS FAIR AND REASONABLE UNDER *CHEEKS* AND *WOLINKSY*

The Agreement provides for the settlement of all Plaintiff's FLSA and NYLL claims in exchange for a payment of $15,000.00. Of these funds, $791.38 corresponds to alleged unpaid wages and overtime, $9,208.62 corresponds to alleged liquidated and statutory damages, and $5,000.00 corresponds to attorney's fees to be paid to the Ottinger Firm. Importantly, the settlement only provides for a release of Plaintiff's wage claims under the FLSA and NYLL, and does not impact any other employees.

When parties privately settle FLSA claims with prejudice, the settlement must be approved by a district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). To warrant such approval, the parties must satisfy the court that their agreement is "fair and reasonable." *Flores v. Food Express Rego Park, Inc.*, No. 15-cv-1410, 2016 WL 386042, at *1 (E.D.N.Y. Feb. 1, 2016).

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of the circumstances, including, but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel, and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012) (internal citations omitted). Factors that weigh against approving a settlement include: (1) the presence of other employees situated similarly to the claimant, (2) a likelihood that the claimant's circumstances will recur, (3) a history of FLSA non-compliance by the employer or others in the same industry or geographic region, and (5) the desirability of a

mature record and appoint determination of the governing factual or legal issues to further develop the law. *Id.* at 336 (internal citations omitted).

### A. Plaintiff's Range of Possible Recovery Supports Settlement Approval

The funds given to Plaintiff under the settlement, after payment of his attorney fees, equal approximately 90% of his absolute maximum recovery should he prevail on his claims. Defendant is willing to pay the settlement amount in order to secure an early stage resolution of the dispute and in light of the following extent of liability:

1. For unpaid overtime: $16.74 hourly wage rate x 94.55 hours worked between 40 and 50 hours in a week x .5 = $791.38. (Defendant pays dockworkers overtime for hours worked in excess of 50 hours in a week).
2. For liquidated damages under the FLSA/NYLL: $791.38 x 2 = $1,582.77
3. Penalty for 19 weeks worked after receiving allegedly faulty wage notice at the time of hire: $250 X 19 = $4,750
4. Penalty for 19 weeks of receiving a paystub reflecting time worked between 40 and 50 hours without reflecting overtime wage payments: 250 x 19 = $4,750
5. XPO's maximum exposure on all claims: $ 11,082.77, which is the total of items 2, 3 and 4 (since item 2 already includes item 1).[1].

Based on the above considerations, the parties reached a negotiated resolution that encompasses alleged failure to pay overtime, NYLL record-keeping penalties and liquidated damages. The amount payable to Plaintiff represents approximately 90% of what he likely would recover were he to prevail on his claims. **This weighs in favor of approval.**

### B. Plaintiff's Avoidance of the Burden to Establish His Respective Claims Supports Settlement Approval

The settlement amount is reasonable in light of the considerable risk Plaintiff faces in achieving certification, maintaining certification and securing an outcome that is better than or even equal to the Agreement. Defendant has and will argue unique questions of fact exist as to (i) how many hours Putative Collective Members actually worked during any given workweek, (ii) whether Defendant failed to pay each individual Putative Collective Member their regular rate and premium pay for each overtime hour worked, and (iii) whether those Putative Collective Members also were exempt from receipt of overtime pursuant to Section 13(b)(1) of the FLSA. **In light of the significant litigation risks Plaintiff faces, the Agreement's terms weigh heavily in favor of approving this Settlement as fair and reasonable.**

---

[1] Plaintiff and Defendant have included the possibility of exposure under NYLL § 195(1) in assessing XPO's maximum potential exposure to Plaintiff. While paragraph 2 of Plaintiff's Complaint asserts that he brought this action, in part, to remedy alleged violations of NYLL § 195, it did not specifically plead a cause of action under that section. Considering the liberal amendment rules applicable to Plaintiff's Complaint, the parties have included the potential exposure under § 195(1) in assessing XPO's potential maximum exposure.

Case 7:17-cv-09329-KMK-PED   Document 28   Filed 11/15/18   Page 4 of 5
Case 7:17-cv-09329-RMK-PED   Document 28   Filed 11/15/18   Page 4 of 5

Page 4 of 5

### C. Resolution of the Action at This Stage of the Litigation and on the Basis of Arm's-Length Bargaining Between Counsel Supports Settlement Approval

The parties' proposed Agreement is the product of arm's-length bargaining between experienced counsel and is absent of any fraud or collusion. The Agreement was reached after multiple conferences of counsel and sharing of documents and applicable case law. The Agreement avoids the unnecessary costs and difficulties of further litigation. Additional discovery and/or motion practice is unlikely to provide any additional detail useful to the parties because all available time and pay records have been provided. **This weighs in favor of approval.**

### D. Review of the Negative Wolinsky Factors Supports Settlement Approval

A review of the Negative Wolinksy Factors weighs heavily in favor of approving this Settlement as fair and reasonable. Defendant has provided Plaintiff with information sufficient for Plaintiff to conclude that he faces substantial risk of being covered by the applicable exemption. As such, further discovery would likely prove futile. The parties are therefore not aware of any reason why a more "mature record" would need to be developed in this action.

### E. Plaintiff's Counsel's Request for Attorneys' Fees Is Reasonable and Supports Settlement Approval

The Firm is requesting attorneys' fees equaling $5,000.00. This amount constitutes considerably less than the total billable fee of $20,971.50 vis-à vis hours worked on this case. The Firm has worked a total of approximately 61 hours on this matter as of the date of this submission. The hours reported are reasonable and were compiled from contemporaneous time records maintained by each attorney participating in the case using the online time tracking service Harvest. Due to the experience of its attorneys in representing workers in litigation of this type, the Firm utilizes a small team of attorneys and support personnel to minimize duplication of efforts and maximize efficiency and billing judgment. The Firm ordinarily and regularly bills legal time on an hourly fee basis using Harvest's real world, contemporaneous time tracking system at the Firm's attorney rate and paralegal rate. The Firm's standard attorney rate is $550 an hour, and the Firm's paralegal rate is $250 an hour. For the purpose of this application the Firm has reduced Mr. Weisenberg's rate to $450 an hour, Ms. Pellouchoud to $400 an hour, and Ms. Sanders' rate to $350 an hour. The following chart summaries the time spent on this matter by each Firm team member:

| INDIVIDUAL, POSITION | HOURLY RATE | TOTAL HOURS | FEES |
|---|---|---|---|
| Ashley Pellouchoud, Attorney | $400 | 18.04 | $7,216.00 |
| Benjamin Weisenberg, Attorney | $450 | 13.55 | $6,097.5 |
| Erica Sanders, Attorney | $350 | 6.87 | $2,404.50 |
| Anna Odoi, Paralegal | $250 | 10.85 | $2,712.50 |
| Jose Caceres, Paralegal | $250 | 8.2 | $2,050.00 |

Case 7:17-cv-09329-KMK-PED Document 28 Filed 11/15/18 Page 5 of 5
Case 7:17-cv-09329-RMK-PED Document 29 Filed 11/20/18 Page 9 of 5

Page 5 of 5

| | | | |
|---|---|---|---|
| Daniel Strellman, Paralegal | $250 | 6.51 | $1,627.50 |
| | | **TOTAL FEES** | **$22,108.00** |

Given the time and resources invested into this matter, and the exceptional result on behalf of the Plaintiff, the Court should approve Counsel's fees of $5,000.00—which falls well below the total billable amount—as it is fair and reasonable.

### III. CONCLUSION

The parties, therefore, jointly resubmit this request seeking this Court approve the proposed revised Settlement Agreement as fair and reasonable pursuant to the standards of this Court and the Circuit under which this Court sits.

\* \* \*

### Exhibits

**Exhibit A** – Settlement Agreement

Dated: 11/15/18

New York, New York

Respectfully submitted,

By: _____

Benjamin Weisenberg
**THE OTTINGER FIRM, P.C.**
401 Park Avenue South
New York, New York 10016
Telephone: (212) 571-2000
benjamin@ottingerlaw.com

*Handwritten note:* The parties have made the changes as directed by the Court. Therefore, the settlement will be approved.

So Ordered.

11/20/18